FILED
June 30, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003604655

JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re:

JOSEPH AND WILMA PLUMLEY

Debtor(s).

Case No: 11-14691-A-7

Chapter 7

DC No. JMV-1

**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL NON EXEMPT EQUITY OF PERSONAL PROPERTY TO THE DEBTOR**

Date: August 30, 2011
Time: 1:30 pm
Place: U.S. Bankruptcy Court
1300 18th Street, Suite A
Bakersfield, California
Judge: Whitney Rimel

I, JEFFREY M. VETTER, Chapter 7 respectfully represents:

## I. INTRODUCTION

The trustee requests authority to sell the estate's interest in (1) 1956 Ford Mainline, (2) the non-exempt equity in the 2005 Hyundai Sonata, ("the Personal Property") to Joseph and Wilma Plumley ("the Debtor's") for $6,500.00. The trustee believes that the sale of the estate's interest in the Personal Property to the Debtor's is in the best interest of the estate because (1) the sale price approximates what the Trustee believes he could obtain after an offer from a third party, after paying commissions and secured creditor, (2) the Debtor's have mailed a check to the

| | |
|---|---|
| 1 | Trustee in the amount of $6,500.00, (3) a sale to the Debtor's eliminates delay and uncertainty |
| 2 | that would occur if the Trustee were to market the property, thereby allowing the Trustee |
| 3 | complete the administration of the Chapter 7 case. |

## II. FACTUAL BACKGROUND

1. Jeffrey Vetter is the duly appointed, qualified, and acting Trustee in the case.

2. The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. 157(b) (2) (A) & (N).

3. The Debtor filed Chapter 7 on April 22, 2011.

4. A sale of the non exempt equity to the Debtor's avoids the uncertainty of whether or not the Personal Property could be sold in a reasonable period of time, saves substantially on the costs of sale, and approximates what the Trustee believes he would receive from a third party buyer. Therefore, he believes it is in the best interest of the estate to sell the non exempt equity of the Personal Property to the Debtor's for $6,500.00. The trustee has accepted the Debtor's offer, subject to court approval.

5. The Debtor's made an offer to purchase the estate's interest in the vehicles for $6,500.00. The Debtor's have delivered a check in the amount of $6,500.00.

//
//
//
//
//
//
//
//

### III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion is granted;

2. the Trustee is authorized to sell the estate's non exempt equity in the Personal Property to the Debtor's for $6,500.00.

3. the Trustee is authorized to execute all documents necessary to effectuate the sale of non exempt equity of Personal Property to the Debtor's for $6,500.00.

4. for such other relief as the court determines is just and proper.

Dated: June 30, 2011

/s/ *[signature]*
JEFFREY M. VETTER
Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com